IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ACADEMIC IMAGING, LLC, et al.,
                    Plaintiffs,

v.                                                  Case No. 2:06-CV-613
                                                    JUDGE EDMUND A. SARGUS, JR.
                                                    Magistrate Judge Norah McCann King
SOTERION CORP., et al.,
                    Defendants.

## OPINION AND ORDER

This matter is before the Court following an Evidentiary Hearing on the Defendants'

Application for Attorneys' Fees and Costs. (Doc. #45). For the reasons that follow, the request

is granted.


### I.

On September 17, 2007, this Court issued an *Opinion and Order* granting the

Defendants' Motions for Summary Judgment. (Doc. #43). Under the contract at issue,

Defendants seek indemnification for costs incurred, including attorneys' fees, in defending this

action and an earlier action in state court which had been voluntarily dismissed. Plaintiffs do not

dispute the right to indemnification but oppose the amount sought for attorneys' fees. Plaintiffs

do not challenge the reasonableness of the hourly rates charged by Defendants' counsel.

Defendants seek $150,742.30 in attorneys' fees. Defendants are represented by the Frost

Brown Todd law firm. Counsel billed a total of 889 hours. Plaintiffs take issue with the amount

of time expended by Defendants' counsel.

In support of their request, Defendants proffered the testimony of Scott Campbell, Esq.[1] Mr. Campbell is an attorney in Columbus, Ohio. He is a partner at the Thompson Hine law firm, practicing in the area of business litigation. Mr. Campbell reviewed defense counsel's billing records. Mr. Campbell's opinion is that the overall amount sought in attorneys' fees is reasonable. He also concludes that the time expended for various tasks was necessary and that the division of labor among the attorneys at Frost Brown Todd was reasonable.

In forming his opinion, Mr. Campbell noted that the parties engaged in extensive written discovery and conducted eight depositions. In the state court action, a motion to vacate default judgment was prepared as well as a motion for summary judgment. The case was then voluntarily dismissed by Plaintiffs and later refiled. After removal to this Court, a motion for summary judgment was prepared. According to Mr. Campbell, the time expended in preparing the summary judgment motion in this Court was not unreasonable in view of the issues raised by Plaintiffs.

In response to this opinion, Plaintiffs proffer the testimony of Robert A. Wood, Esq.[2] Mr. Wood is licensed to practice law in the State of Ohio and currently serves as in-house counsel for First American Title Insurance Company in Cleveland, Ohio. In this capacity, Mr. Wood is responsible for reviewing claims and hiring outside counsel. Mr. Wood also reviews attorney invoices on a regular basis.

According to Mr. Wood, the number of hours expended by Defendants' counsel was

---

[1] Plaintiffs do not take issue with Mr. Campbell's ability to testify as an expert on the issue of legal and expert fees incurred in this case.

[2] There is no challenge to Mr. Wood's ability to testify as an expert.

2

unreasonable. In his opinion, a total of 400 hours would have been reasonable. In particular, Mr. Wood opines that 25 to 30 hours would be reasonable to prepare a motion to vacate default judgment; 70 to 75 hours would be reasonable to prepare a motion for summary judgment in state court (145.1 hours were billed); an additional 20 hours would have been reasonable to prepare the summary judgment motion in this Court (74.2 hours were billed); and 30 hours would have been reasonable to prepare a reply memorandum (55.1 hours were billed). Mr. Wood also takes issue with what he considers duplicate billing, *i.e.*, more than one attorney billing for a particular matter.

There is no dispute as to the amount of costs sought by Defendants, which is $11,456.46. There is also no dispute as to the amount of Defendants' expert fees, which are $18,294.89, and the expert fees for Mr. Campbell, which are $4,705.00.

## II.

In determining whether a request for attorneys' fees is reasonable, the Court considers the fee applicant's "lodestar," which is the number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The amount may be adjusted upward or downward by the Court, if justified by the circumstances of the particular case. In any event, the Court is to provide an adequate explanation of the reasons for the award and the manner in which the award is determined. *Id.* at 437.

## III.

In reviewing the billing entries for Defendants' counsel, the Court concludes that, in

3

general, the amount of time expended by counsel at the Frost Brown Todd firm was reasonable. The Court does not find any reason to curtail the number of hours billed in connection with the state court action. Although a substantial portion of work was performed at the state court level, the case warranted a new motion for summary judgment when the case reached this Court. The Court disagrees with Plaintiff's expert, Mr. Wood, that a total of 20 hours would have been sufficient to prepare a summary judgment motion. A total of 74.2 hours were billed. In the Court's view, after reviewing the record in this case, a total of 50 hours would have been reasonable to prepare the motion for summary judgment in this Court. In addition, the Court finds that an additional 30 hours to prepare a reply memorandum, rather than the 55.1 hours billed, would have been reasonable. Thus, a total of 49.3 hours should be subtracted from counsel's billing.

As to the issue of alleged duplicate billing, *i.e.*, more than one attorney billing for a particular matter, the Court does not find the amount of time expended unreasonable. The Court has reviewed the billing entries of the Frost Brown Todd law firm and finds the time spent by more than one attorney regarding particular matters to be reasonable.

4

**IV.**

For the foregoing reasons, the Defendants' Application for Attorneys' Fees and Costs.

(**Doc. #45**) is **GRANTED** with the caveat that the total number of hours billed by Defendants'

counsel shall be reduced by 49.3 hours. Counsel shall submit an entry to the Court reflecting the

updated amount for attorneys fees, as well as the amounts for costs and expert fees.

**IT IS SO ORDERED.**

4-11-2008
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5